**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0001053**
**17-MAY-2012**
**10:04 AM**

NO. CAAP-11-0001053

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LARRY W. FOUSEK, Claimant-Appellant,
v.
CC&D BUILDERS HAWAII, INC.,
Employer-Appellee
and
FIRST INSURANCE COMPANY OF HAWAII, LTD., and
SPECIAL COMPENSATION FUND, Insurance Carriers-Appellees

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2008-439(M)
(7-05-45231))

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over Claimant-Appellant Larry W. Fousek's (Appellant Fousek) appeal from the State of Hawai'i Labor and Industrial Relations Appeals Board's (the LIRAB)[1] October 13, 2011 decision and order.

---

[1] The State of Hawai'i Labor and Industrial Relations Appeals Board was composed of Chairman Roland Q. F. Thom, Member Melanie S. Matsui, and Member David A. Pendleton.

Pursuant to Hawaii Revised Statutes (HRS) § 386-88 (Supp. 2011) and HRS § 91-14(a) (1993 & Supp. 2011), an aggrieved party may appeal a decision or order by the LIRAB directly to the intermediate court of appeals.

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawaiʻi 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). The supreme court has "held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawaiʻi 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). "[A] workers' compensation case . . . is an ongoing proceeding[;] . . . an inherent and unique characteristic of a workers' compensation case is its piecemeal nature." Id. at 169, 86 P.3d at 978 (citation omitted; brackets and ellipsis points in original). The LIRAB's October 13, 2011 decision and order finally ended the proceedings by affirming in part, modifying in part and reversing in part the Director of Labor and Industrial Relations' August 26, 2008 decision. The LIRAB's October 13, 2011 decision and order left nothing further to be accomplished. Therefore, the LIRAB's October 13, 2011 decision and order is "a final decision and order in a contested

case" under HRS § 91-14(a) that is appealable directly to the intermediate court of appeals pursuant to HRS § 386-88.

However, Appellant Fousek did not file his December 12, 2011 notice of appeal within thirty days after the LIRAB's October 13, 2011 mailing of the LIRAB's October 13, 2011 decision and order, as HRS § 386-88 required. Therefore, Appellant Fousek's appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986).

Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0001053 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 17, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-